J-S26006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOSE ENRIQUE LEBRON-GARCIA | |
| Appellant | No. 1451 MDA 2016 |

Appeal from the PCRA Order August 8, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004312-2012

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 20, 2017**

Jose Enrique Lebron-Garcia appeals from the August 8, 2016 order denying him PCRA relief.  We affirm.

On June 17, 2012, Appellant was charged with homicide in connection with the shooting death of Pablo Fuentes-Robles.  On the day in question, Lancaster City Police were dispatched to a parking garage on North Duke Street, Lancaster, based upon a report of a shooting.  The exit ramps to the garage were immediately blocked while police searched for the victim, who was found with multiple gunshot wounds to the upper torso.  Appellant was observed running past the ticket booth of the garage, and police detained him.  Police searched for eyewitnesses to the crime, and Bedzaida Padilla-Fernandez and Shirley Rodriguez both indicated that they had seen the

_____
* Former Justice specially assigned to the Superior Court.

criminal incident. They were segregated, and they were brought to where Appellant was being held. Both eyewitnesses identified Appellant as the person who shot Mr. Fuentes-Robles.

The Commonwealth filed notice that it intended to seek the death penalty. On August 4, 2014, Appellant entered a negotiated guilty plea for life imprisonment to first-degree murder in exchange for the Commonwealth's agreement not to seek the death penalty. The negotiated sentence was imposed immediately after the plea court conducted the oral colloquy and accepted the guilty plea. Appellant did not appeal, but he filed a timely PCRA petition. Counsel was appointed, and filed an amended PCRA petition averring that the plea was coerced in that plea counsel informed Appellant that he would receive the death penalty unless he accepted the guilty plea to first-degree murder and the term of life imprisonment. In the petition, Appellant also claimed that plea counsel was ineffective for failing to file a requested direct appeal. After a hearing, the PCRA court concluded that the guilty plea was knowingly and voluntarily entered and that no appeal was requested. It denied PCRA relief.

Appellant filed the present appeal, and PCRA counsel moved to withdraw. Thereafter, different counsel entered his appearance and asked to file a merits brief with this panel. We granted the requested relief, and Appellant raises these issues on appeal.

- 2 -

1. Was the Appellant deprived of his federal and state constitutional right to the effective assistance of trial counsel where he was not informed at the time of the guilty plea that the sentence of life imprisonment would be without any possibility of release on parole?

2. Was the Appellant deprived of his Pennsylvania constitutional and Rule-based right to effective assistance of PCRA counsel in view of the failure to advance and preserve the above claim? Should this case be remanded to the PCRA court for further proceedings so that the Appellant can fully litigate this issue in the lower court?

Appellant's brief at 3.

This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015)). Initially, we note that the Commonwealth avers that the first issue raised on appeal is waived. It points out that the allegation on appeal is that Appellant's plea was unknowingly entered because he was not apprised of the fact that life imprisonment meant life without parole, and that this issue was not presented in the court below or in the Pa.R.A.P. 1925(b) statement. The Commonwealth also maintains that the second issue cannot be presented on appeal since allegations of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal. We agree with the Commonwealth, noting that Appellant concedes that the first issue was not raised below or in his Pa.R.A.P. 1925(b) statement and that allegations of

PCRA counsel's ineffectiveness cannot be presented for the first time on appeal. Appellant's brief at 18; Appellant's reply brief at 3.

In this case, Appellant never averred during the PCRA proceedings or in his Pa.R.A.P. 1925(b) statement that his guilty plea was unknowingly entered since he was not told that life imprisonment meant life without parole. Hence, the issue is waived under Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.") and pursuant to Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Pa.R.A.P. 1925(b) ] statement . . . are waived").[1]

Additionally, we are not permitted to entertain the position that PCRA counsel was ineffective for not raising the averment that Appellant's guilty plea was unknowingly entered since he was not told that life imprisonment meant that he would be ineligible for parole at any point. It is now beyond question that allegations of PCRA counsel's ineffectiveness may not be raised initially on appeal. *Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.14 (Pa. 2011); *Commonwealth v. Hill*, 16 A.3d 484, 497 n.17 (Pa. 2011); *Commonwealth v. Colavita*, 993 A.2d 874, 894 n.12 (Pa. 2010); *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009); *Commonwealth v.*

---

[1] We are aware of Pa.R.A.P. 1925(c)(3), which permits a finding of *per se* ineffectiveness and filing of a supplemental Pa.R.A.P. 1925(b) statement under certain circumstances. However, even if we were to permit the filing of an amended statement, the first allegation presented in this appeal nevertheless would remain waived due to Pa.R.A.P. 302(a).

***Ligons***, 971 A.2d 1125 (Pa. 2009) (plurality); ***see also Commonwealth v. Henkel***, 90 A.3d 16 (Pa.Super. 2014).[2] Appellant never raised a single allegation that PCRA counsel was ineffective at any point during the PCRA court proceedings. Hence, Appellant may not raise his second position on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017

---

[2] Appellant suggests that this case authority is inapplicable because the PCRA court never issued a notice under Pa.R.Crim.P 907 that it intended to dismiss the PCRA petition without a hearing, and, thus, he never had the opportunity to raise PCRA counsel's ineffectiveness. Appellant's brief at 18. However, Appellant did receive a hearing on his PCRA petition, and Pa.R.Crim.P. 907 was inapplicable. The cited case authority therefore is controlling.